UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RASHOD D. COSTON,

                              Petitioner,

   -against-

U.S. ATTORNEY GENERAL, FEDERAL BUREAU
OF PRISONS, COMMUNITY CORRECTIONS
CENTER (BRONX RRC),

                              Respondents.
-------------------------------------------------------------------x

**NOT FOT PUBLICATION**

**MEMORANDUM & ORDER**
13-CV-4440 (PKC)

PAMELA K. CHEN, United States District Judge:[1]

In August 2013, Rashod D. Coston ("Petitioner" or "Coston"))—then an inmate at the Metropolitan Detention Center in Brooklyn ("MDC")—commenced this action (the "Petition") by filing a petition against the U.S. Attorney General, Federal Bureau of Prisons ("BOP"), and the Community Corrections Center (Bronx RRC) (collectively, "Respondents"), pursuant to 28 U.S.C. §§ 2241, 1361 and Federal Rules of Civil Procedure 65(a)(2) and (b). (Dkt. 1.) The Petition is dismissed for the reasons set forth below.

## BACKGROUND

### I. CRIMINAL PROCEEDINGS

On February 24, 2012, Petitioner was indicted for "fraudulent use of access devices[,]" in violation of 18 U.S.C. §§ 1029(a)(2) and (c)(1)(A)(i). (Judgment in a Criminal Case, 5:11-CR-272 (NAM), Dkt. 29.) After pleading guilty to the offense (*id.*), on November 6, 2012, Petitioner was

---

[1] On behalf of the district judge previously assigned to this case, the late Honorable Sandra L. Townes, the Court acknowledges the assistance of Fordham University law student, Yeilee Woo, in the drafting of this Memorandum and Order. This case was re-assigned to the undersigned on February 20, 2018.

sentenced to 27 months' imprisonment, to be followed by a three-year term of supervised release. (*Id*. at Imprisonment and Supervised Release.)

## II. DISCIPLINARY PROCEEDINGS AT THE BRONX COMMUNITY RE-ENTRY CENTER

On May 28, 2013, Petitioner was transferred from the federal correctional facility in Loretto, Pennsylvania to complete his term of imprisonment at Defendant the Bronx Community Reentry Center ("Bronx RRC"). On June 22, 2013, the Bronx RRC charged Petitioner with violating its rules. According to the Bronx RRC, Petitioner "[v]iolat[ed] a condition of a community program[,] . . . Code 309[.]"[2] (Incident Report, 2460653 at 1, Ex. E, Dkt. 15-5.) Thus, about three hours after Petitioner returned to the Bronx RRC, the institution notified him that he was being charged with a Code 309 violation for breaking curfew. The RRC also charged Petitioner with violating "Code 104"[3] for "[p]ossession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive, ammunition, or any instrument used as a weapon." (Incident Report, 2463277 at 1, Ex. G, Dkt. 15-7.)

On June 27, 2013, Petitioner was transferred out of the RRC. ("Inmate History Admission-Release, Ex. B.) On July 3, 2013, the BOP wrote to Petitioner stating that a copy of the Discipline Committee's "Sanction Notice" was enclosed, and notifying Petitioner of the timeframe within which to submit an Administrative Remedy complaint to the Northeast Regional Office.[4]

---

[2] BOP's regulations set forth a list of "[p]rohibited acts" by inmates and "available sanctions" in 28 C.F.R.§ 541.3, Table 1. One such prohibited act, listed under Code 309, is "[v]iolating a condition of a community program." *Id.*

[3] Listed as a prohibited act in 28 C.F.R. § 541.3, Table 1 (2011).

[4] BOP's Northeast Regional Office covers the institutions in New York State. https://www.bop.gov/locations/regional_offices/nero/ (last visited March 8, 2018). (Ex. H, Dkt. 15-8.)

## III. PETITIONER'S APPEALS OF THE SANCTIONS IMPOSED

On July 12, 2013, Petitioner appealed the sanctions for his Code 104 violation to the BOP's Northeast Regional Office. (Decl. of Donna Broome, ¶ 11, Ex. F, Dkt. 15-6.)[5] The appeal was rejected the same day "because [Petitioner] had included too many continuation pages with his appeal." (*Id.*; Ex. K, Dkt. 15-11.) The Northeast Regional Office informed Petitioner that he could resubmit his appeals package within ten days after correcting this error. (Ex. F ¶ 11.) On July 30, 2013, Petitioner resubmitted his appeal, but the Northeast Regional Office rejected it again, the next day, for "us[ing] the back of his continuation page." (Ex. F ¶ 12; Ex. K.) Again, he was instructed that he could resubmit his appeal after correcting this error. (Ex. F ¶ 12.) Petitioner, however, did not resubmit his appeal to the Northeast Regional Office; nor did he pursue any further appeal of his sanctions for the Code 104 violation. (*Id.* at ¶ 13.)

On July 16, 2013, Petitioner appealed his sanctions for the Code 309 violation, but it was rejected because "CPG ONE RSR[.]" (Ex. K.) Respondents have not informed the Court of the meaning of these acronyms. Broome states in her Declaration that Petitioner submitted this appeal on August 2, 2013. (Ex. F ¶ 8.) Nonetheless, the Northeast Regional Office rejected this appeal on August 30, 2013. (*Id.*) Petitioner filed another appeal with the Northeast Regional Office the same day, which was denied on September 30, 2013, on the grounds that his appeal had already been denied on August 30th. (*Id.* at ¶ 9.) Petitioner did not appeal the Northeast Regional Office's decision on the Code 309 violation to the Warden or the General Counsel's Office. (*Id.* at ¶ 10.)

On September 27, 2013, Petitioner appealed to the BOP's Warden seeking to restore "forfeited statutory good time" of 20 days. (Ex. I, Dkt. 15-9.) On October 21, 2013, the Warden

---

[5] Broome is "a Legal Assistant employed by the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, Philadelphia, Pennsylvania." (Ex. F ¶ 1.)

rejected denied Petitioner's request and informed him that he could appeal the Warden's decision to the Northeast Regional Office. (Ex. F ¶ 13; Ex. J, Dkt. 15-10.) Petitioner did not do so.

## IV. PETITIONER'S § 2241 PETITIONS

Petitioner began this lawsuit on July 29, 2013, by submitting a three-page *pro se* "Emergency Petition Ex Parte Application", also titled, "Petition for Habeas Corpus (28 U.S.C. § 2241) (28 U.S.C. § 1361) (Fed. R. Civ. P. 65(a)(2) & (b)" (the "First Petition"), requesting that this Court order the BOP to discharge him from the MDC and admit him "to a community corrections center to facilitate successful reintegration and to restore his earned good conduct time credit." (First Pet. ¶ 3, Dkt. 1.) Petitioner argued that he was being unlawfully detained by the BOP that he had not been afforded due process during the Bronx RRC's disciplinary proceedings regarding the code violations, that his more "formal 2241 Petition" had been seized by BOP Corrections Officer N. Mahedeo, and that his earned good conduct time credit was being "unduly subjected to forfeiture." (*Id*. at ¶¶ 1-4.) Petitioner also argued that the Bronx RRC had "concocted" the "infractions" against him and "inflicted verbal and physical abuse", and that the "due process proceedings" had been "deficient and inadequate. . . . " (*Id.* at ¶ 3.) Petitioner also requested an "ex parte Filing . . . due to the sensitivity of the assertions and issues raised in this formally drafted 2241 Petition." (*Id.* at ¶ 8).

On August 1, 2013, Petitioner submitted another three-page document titled, "Petition for Writ of Habeas Corpus 28 USC 2241[,] Appended Filing Notice of Content Apprisal" (the "Second Petition"), submitting the "essential elements and pleadings necessary to sustain a claim for immediate relief" that were allegedly missing from the First Petition. (Second Pet. ¶ 1, Dkt. 2.) On August 7, 2013, the Court notified Petitioner that he had failed to pay the filing fee and that, alternatively, he could proceed *in forma pauperis*. (Dkt. 3.) The Court subsequently granted

4

Petitioner *in forma pauperis* status and directed Respondents to respond to Petitioner's habeas application within 20 days. (Dkt. 9.)

By letter dated October 4, 2013 and filed October 21, 2013, Petitioner advised the Court that he had made "an institutional BOP administrative remedy filing" to recover his legal materials that had been "withheld by BOP officials . . . stemming from multiple institutional transfers." (Dkt. 10.) He also stated that the relief he sought was "to be released from federal custody on his original release date of October 24, 2013—a date that was pushed back due to the rescission of good conduct time unlawfully and unduly disallowed stemming from a series of constitutional, statutory, and substantive and civil rights violations" that had allegedly occurred at the Bronx RRC, where Petitioner claimed he had been subjected to "kangaroo court proceedings" for "fabricated" charges and infractions. (*Id.*) On October 24, 2013, Petitioner submitted another filing consisting of: (1) a two-page document titled, "Appending, nunc pro tunc, formal pleading and petition pursuant to 28 U.S.C. 2241 (ii) earliest review possible"; (2) an eight-page document titled, "Affidavit in support of motion for relief pursuant to 28 U.S.C. 2241 (Petition for writ of habeas corpus) and 28 U.S.C. 2243"; and (3) a 92-page document titled, "Petition for writ of habeas corpus (28 U.S.C. 2241) ('sensitive')('emergency petition')('ex parte'-due to sensitivity of contents)" ("Habeas Mot."), (collectively, the "Third Petition"). (Third Pet. at Habeas Mot., Dkt. 18, Statement of Facts ¶ 2, pp. 12-3 of 92.[6])

In his Third Petition, Coston also claimed that his detention violates his due process rights under the Fifth Amendment "by depriving Petitioner of his right to pursue the use of witness testimony. . . ." (*Id.* at ¶ 4.) He alleged violations of 42 U.S.C. § 2000d and "Title VI" of the Civil Rights Act, based on sexual orientation discrimination. (*Id.* at ¶ 4.a., at p. 3 of 92.)

---

[6] Petitioner numbered his Third Petition "(p. __ of 92)" and so on. The Court uses Petitioner's pagination of the Third Petition.

5

Petitioner also clarified that he was "not inclined to seek criminal or civil relief in this matter-as such issues may appropriately be cognizable under Bivens v. Six Unknown . . . [,]" but rather sought only habeas relief to restore his good conduct time such that he [could] be released on his original release date of October 24, 2013. (*Id.* at ¶ 5, p. 26 of 92, referencing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (holding that constitutional violations by officers acting under color of federal law give rise to a federal cause of action for damages).) Petitioner also argued that "5 U.S.C.S. 702" provides that anyone wronged by "agency action" is entitled to judicial relief, and, thus, he was seeking habeas relief. (*Id.* at ¶ b, at p. 4 of 92.)

On November 5, 2013, Petitioner wrote to the Court enclosing notarized pages that he had previously submitted as part of his Third Petition. (Dkt. 12.) On November 26, 2013, the Court issued a docket order indicating that it was construing the Third Petition as an amended petition and Petitioner as seeking that it be filed under seal, which the Court granted. (Order, Dkt. 14.)

On November 29, 2013, Respondents filed their opposition to the First and Second Petition. (Dkt. 15.) Respondents argued that the Court should deny Petitioner the relief that he sought because he had failed to exhaust his administrative remedies before filing his petitions in court, and that, in any event, his petitions were without merit. (*Id.*) On December 13, 2013, Respondents filed their response to Petitioner's Third Petition, reiterating their previous arguments. (Dkt. 23.) Respondents also noted that "after detailing the incidents of alleged misconduct, petitioner states that he is 'not inclined to seek criminal or civil relief in this matter[]'. . . . Given the serious nature of the allegations, however, the government has notified the BOP legal department regarding the allegations advanced by Petitioner." (*Id.* at 4.)

## V. PETITIONER'S RELEASE FROM FEDERAL CUSTODY

In May 2017, Petitioner was released from federal custody. (https://www.bop.gov/inmateloc/ (last visited March 8, 2018)). Having completed his term of incarceration with no term of supervised release to follow, Petitioner's sentence has fully expired.

## VI. MOTION SEEKING APPOINTMENT OF COUNSEL

On April 28, 2017, Petitioner submitted a letter motion to the Court seeking appointment of counsel and stating that "his surrebuttal filing" of November 2013 was missing from the docket. (Dkt. 28.) On May 9, 2017, the Court responded, in part, to Petitioner's letter by asking Petitioner to send a copy of his "surrebuttal" to the Court. The Court has not yet received that document. (Dkt. 29.)

## DISCUSSION

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) and *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 5 (2d Cir. 1991)). A prisoner in federal custody or awaiting trial for a violation of federal law may seek a writ of habeas corpus. 28 U.S.C. § 2241(c)(1)-(3).

## I. PETITIONER'S § 2241 PETITION IS MOOT AND MUST BE DISMISSED

"Article III, §2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies'. . . . " *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (internal citation omitted)). "In order to invoke

federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action. . . . This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528 (internal quotation marks and citations omitted).

Where a prisoner challenges the conditions of confinement and seeks injunctive relief, the claim becomes moot when the prisoner is transferred out of the facility in question. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). This is because the prisoner loses personal stake in the claim and the Court cannot provide any injunctive relief to the prisoner. Thus, where a prisoner is no longer in the facility, the Court lacks subject-matter jurisdiction over his conditions of confinement claim. *See id.* (finding "moot" § 2241 claims about prison conditions, *i.e.*, not being provided kosher food or access to the prison library, once petitioner was transferred out of the facility); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("Salahuddin is presently incarcerated in Oneida Correctional Facility, which is not one of the prison facilities in which the actions complained of here occurred, and therefore we hold moot all injunctive and declaratory claims against [the relevant] defendants").

Similarly here, although Petitioner was in federal custody, first at the MDC and then at the Bronx RRC when he filed his § 2241 petitions in the instant case, he has since been released from federal custody and his sentence has fully expired. Accordingly, because the Court can no longer provide him with the various forms of injunctive relief that he sought, his habeas petition is moot and must be dismissed for lack of subject-matter jurisdiction.

**II. PETITIONER'S MOTION SEEKING APPOINTMENT OF COUNSEL IS MOOT AND MUST BE DISMISSED**

Civil litigants, unlike criminal defendants, do not enjoy a Sixth Amendment right to representation, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984), and the Court cannot compel an attorney to take a civil case without a fee. *Mallard v. United States District Court,* 490 U.S. 296 (1989). The Court need not analyze whether Petitioner should nonetheless be appointed counsel in this matter, because, as discussed, his claims are moot and his petition is being dismissed in its entirety. *See Thompson,* 525 F.3d at 209. Thus, Petitioner has no need for counsel, and his request for court-appointed counsel is denied.

## CONCLUSION

For the reasons set forth above, Petitioner's request for relief under 28 U.S.C. § 2241 and his motion for appointment of counsel are both denied as moot. The Clerk of Court is directed to enter judgment terminating this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: March 8, 2018
      Brooklyn, New York